UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
    v.                        )
                              )
                              )
RAYMOND E. SCOTT,             )   CRIMINAL NO. 05-CR-10275-RWZ
                              )
        Defendant.            )
_____)

# UNITED STATES' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

**/s/ Jack W. Pirozzolo**
Jack W. Pirozzolo
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way
Boston, MA 02210

Date: February 13, 2007

## **CERTIFICATE OF SERVICE**

      I, Jack W. Pirozzolo, hereby certify that on February 13, 2007, I served a copy of the foregoing document via electronic filing on counsel for the defendant.

                                                      **/s/ Jack W. Pirozzolo**
                                                      Jack W. Pirozzolo

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

**Statute Defining the Offense**

Section 7203 of Title 26 of the United States Code provides, in part, that:

> Any person required . . . (by law or regulation) . . . to make a return . . . who willfully fails to . . . make such return . . . at the time or times required by law or regulations, . . . shall be guilty [of an offense against the laws of the United States].

_____

See 26 U.S.C. §7203; Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions (4th Ed. 1990), Section 56.10 (modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

**Elements of the Crime**

In order to sustain its burden of proof for the crime of willful failure to file a tax return as charged in Counts One and Two of the information, the United States must prove each of the following three (3) things beyond a reasonable doubt:

**First,** that the defendant Raymond Scott was required by law or regulation to file a tax return concerning his income for the taxable year ending December 31, 1999 for Count One and ending December 31, 2000 for Count Two;

**Second,** that the defendant Raymond Scott failed to file such a return at the time required by law; and

**Third,** that the defendant Raymond Scott acted willfully.

To act willfully means to violate voluntarily and intentionally a known legal duty to file, not to act as a result of accident or negligence.

---

First Circuit Pattern Jury Instructions, § 4.26 (1998).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

**The Requirement to File a Tax Return**

A single person under sixty-five years old filing individually was required to file a federal income tax return for the years 1999 and 2000, if he had gross income in excess of $7,050.00, and $7,200.00, for each respective year. Gross income includes but is not limited to the following: (1) compensation for services, including fees, commissions, and similar items; (2) gross income derived from business; (3) gains derived from dealings in property; (4) interest; and (5) dividends. The fact that a person may be entitled to deductions from income in sufficient amount so that no tax is due does not affect that person's obligation to file. The Government is not required to show that a tax was due and owing or that the defendant intended to evade or defeat the payment of taxes, only that he willfully failed to file a return.

As to Count One, if you find beyond a reasonable doubt that the defendant had the required gross income in 1999 then the defendant was required to file a tax return on or before April 17, 2000. As to Count Two, if you find beyond a reasonable doubt that the defendant had the required gross income in 2000 then the defendant was required to file a tax return on or before April 16, 2001.

---

See Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions (4th Ed. 1990), Section 56.12; Eighth Circuit Pattern Jury Instructions, § 6.26.7203.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

**The Time to File a Tax Return**

The second element of the offense of failure to file is that the defendant failed to file a timely income tax return for each of the years charged in the information.

The law provides that a return made on the basis of the calendar year shall be made on or before the 15th day of April, following the close of the calendar year, except that when April 15th falls on a Saturday, Sunday, or legal holiday, returns are due on the first day following April 15th which is not a Saturday, Sunday, or legal holiday.

If you find beyond a reasonable doubt that the defendant had the required gross income in 1999 or 2000, then, as a matter of law, the defendant was required to file a tax return on or before April 17, 2000 for 1999 and April 16, 2001 for 2000.

---

See 26 U.S.C. §§ 6072, 6081, 7503.

GOVERNMENT PROPOSED JURY INSTRUCTION NO. 5

**Filing is not voluntary**

The filing of Federal income tax returns is not voluntary, and a single individual with gross income in excess of the amounts charged in the indictment is required to file an income tax return

---

See United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983); United States v. Hurd, 549 F.2d 118, 120 (9th Cir. 1977).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 6

**Willfulness**

The third element which the United States must prove beyond a reasonable doubt is that the defendant's failure to make the return in question was willfully committed. The defendant, Scott acted willfully if the law imposed a duty on him, he knew of the duty and he voluntarily and intentionally violated that duty.  Thus, if the defendant acted in good faith, he cannot be guilty of this crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.  This is a subjective standard: what did the defendant honestly believe, not what a reasonable person should have believed.  Negligence, even gross negligence, is not enough to meet the willful requirement.

The failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful and with the specific intent to fail to do that which he knew the law required,
that is to say, with the intent to disobey or disregard the law that requires him to make a timely return.  The willfulness which the United States must prove beyond a reasonable doubt does not require the government to prove that the defendant had a purpose to evade a tax or to defraud the United States.

The failure of a taxpayer to have or keep records adequate to permit him or his agents or employees to prepare accurate tax returns is no legal justification for not filing a timely income tax return.  The only justification for not filing a tax return when the same is required by

law to be filed is a good faith misunderstanding by the taxpayer as to his legal obligation to file the return or an accidental, inadvertent, careless, negligent, or even grossly negligent failure to file such return.

---

See First Circuit Pattern Jury Instructions, §§ 4.25 & 4.26; see also Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Wilson, 550 F.2d 259, 260 (5th Cir. 1977).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 7

**Willful Blindness/Deliberate Ignorance**

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that he was obligated to file income tax returns, then you may find that he knew of the obligation to file returns.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that he was obligated to file income tax returns and that he deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.

_____

See First Circuit Pattern Jury Instructions, §§ 4.25 (cmt 6) ("The court may add an instruction on conscious avoidance 'if a defendant claims a lack of knowledge, the facts suggest a conscious course of deliberate ignorance, and the instruction, taken as a whole, cannot be misunderstood as mandating an inference of knowledge." (quoting United States v. Littlefield, 840 F.2d 143, 147 (1st Cir. 1988)), § 4.26 (cmt. 2) (referring to § 4.25 for discussion of willfulness, good faith and deliberate ignorance.).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

**Consider Only this Defendant**

You are about to be asked to decide whether the defendant is guilty or not guilty. You are not being asked whether any other person is guilty or not guilty, or should have been charged with a crime. Your verdict should be based solely upon the evidence or lack of evidence as to the defendant, in accordance with my instructions and without regard to the guilt or innocence of any other person.

---

1 L. Sand, et. al., Modern Federal Jury Instructions-Criminal, Inst. No. 2-18, p. 2-39 (2006).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

### Not to Consider Punishment

The punishment provided by law for the offenses charged in the indictment is a matter solely for the judge to decide. The jury should make its decision as to whether the defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

---

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); E. Devitt and C. Blackmar, Federal Jury Practice and Instructions, §18.02 (3d ed. Supp. 1982).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

**Duty Of The Jury To Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.

---

First Circuit Pattern Jury Instructions, § 3.01.