UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
    v.                        )
                              )
                              )
RAYMOND E. SCOTT,             )     CRIMINAL NO. 05-CR-10275-RWZ
                              )
        Defendant.            )
_____)

# UNITED STATES' TRIAL BRIEF

The United States submits this trial brief in advance of the trial scheduled for this matter on February 20, 2007. This brief sets forth the statutory basis of the offenses charged and a summary of the United States' expected evidence. In its discussion of the evidence, this trial brief also incorporates case law providing the legal basis for the admissibility of certain evidence on which the United States intends to rely.

    **A.**    **Statutory Basis of the Offenses Charged**

Defendant Raymond E. Scott ("Scott") is charged with two counts of willful failure to file a tax return in violation of Title 26, United States Code, Section 7203. Section 7203 provides, in pertinent part, that:

> Any person required . . . (by law or regulation) . . . to make a return . . . who willfully fails to . . . make such return . . . at the time or times required by law or regulations, . . . shall be guilty [of an offense against the United States].

To prove a violation of this statute, the United States must establish the following three elements:

    1.    that Scott was required by law or regulation to file a tax return concerning his income for the taxable year ending December 31, 1999 for Count One and ending December 31, 2000 for Count Two;

2. that Scott failed to file such a return at the time required by law; and

3. that Scott acted willfully.

For purposes of the first element, the law provides that a single person under sixty-five years old filing individually was required to file a federal income tax return for the years 1999 and 2000, if he had gross income in excess of $7,050.00 and $7,200.00, for each respective year. The United States is not required to show that a tax was due and owing or that the defendant intended to evade or defeat the payment of taxes, only that he willfully failed to file a return. See, for example, United States v. Wunder, 919 F.2d 34, 37 (6th Cir. 1990); see also Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions (4th Ed. 1990). The filing of Federal income tax returns is not voluntary, and a single individual with gross income in excess of the amounts charged in the information is required to file an income tax return. See United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983); United States v. Hurd, 549 F.2d 118, 120 (9th Cir. 1977).

For purposes of the second element, the law provides that a return made on the basis of the calendar year shall be made on or before the 15th day of April, following the close of the calendar year, except that when April 15th falls on a Saturday, Sunday, or legal holiday, returns are due on the first day following April 15th which is not a Saturday, Sunday, or legal holiday. See 26 U.S.C. §§ 6072, 6081, 7503. In this case, then, as to Count One, if Scott had the required gross income in 1999, then he was required to file a tax return on or before April 17, 2000. As to Count Two, if Scott had the required gross income in 2000, then he was required to file a tax return on or before April 16, 2001.

For purposes of the third element, the law provides that the failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful and with the

specific intent to fail to do that which he knew the law required.  See First Circuit Pattern Jury Instructions, §§ 4.25 & 4.26.  The United States is not required to prove that the defendant had a purpose to evade a tax or to defraud the United States.  In this regard, the failure of a taxpayer to have or keep records adequate to permit him or his agents or employees to prepare accurate tax returns is no legal justification for not filing a timely income tax return.  The only justification for not filing a tax return when the same is required by law to be filed is a good faith misunderstanding by the taxpayer as to his legal obligation to file the return or an accidental, inadvertent, careless, negligent, or even grossly negligent failure to file such return.  Id.; see also Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Wilson, 550 F.2d 259, 260 (5th Cir. 1977).

Evidence of conscious avoidance of the duty to file a tax return, however, is a basis for finding knowledge, and the United States expects to request a conscious avoidance instruction as provided in the pattern First Circuit jury instructions.  See First Circuit Pattern Jury Instructions, §§ 4.25 (cmt 6) ("The court may add an instruction on conscious avoidance 'if a defendant claims a lack of knowledge, the facts suggest a conscious course of deliberate ignorance, and the instruction, taken as a whole, cannot be misunderstood as mandating an inference of knowledge.'" (quoting United States v. Littlefield, 840 F.2d 143, 147 (1st Cir. 1988)); Id., § 4.26 (cmt. 2) (referring to § 4.25 for discussion of willfulness, good faith and deliberate ignorance.).

### B. Evidence the United States Expects To Present at Trial.

This case is relatively simple:  Scott earned in excess of $200,000 in 1999 and in excess of $600,000 in 2000 – well over the $7,050.00 and $7,200.00 thresholds for filing tax returns for the respective years.  He also willfully failed to file tax returns for either year.

### 1. Income.

The United States expects to establish that, from at least 1996 through 2005, Scott was associated with a publishing and media business called Source Enterprises ("The Source"). The Source publishes (and during the relevant time frame published) a magazine that focuses on the hip hop music industry. The Source magazine generated millions of dollars in advertising and subscription revenue. Although originally started and (at all times relevant to this case) owned and controlled by David Mays ("Mays"), the evidence will show that Scott, a long time friend and associate of Mays, played an important role at The Source.[1] Scott, himself a hip hop artist performing under various stage names, including the name "Benzino," also acted as a consultant to the magazine. Eventually, he became an employee at The Source and, later, was listed on the masthead as "President" of The Source.[2]

Beginning no later than 1996 and continuing through 2000 (and indeed into 2005), Scott received substantial amounts of income from The Source and businesses affiliated with The Source. Scott was provided with both 1099's and W-2's documenting hundreds of thousands of dollars in income he was receiving from The Source. For 1997, The Source generated for Scott a Form 1099 for $50,900. For 1998, The Source generated for Scott a Form 1099 for $64,260.64 and two Form W-2's, one for $33,653.83 and the other for $41,066.54. For 1999 (Count One), The Source generated a Form W-2 for $211,170.49. For 2000 (Count Two), The Source generated for Scott a Form W-2 for $659,347.90.

---

[1] In 2006, the board of directors for The Source forced Mays and Scott out of The Source due to alleged financial mismanagement. They are no longer associated with The Source, but have recently started a competing publication, Hip Hop Weekly.

[2] Mays also managed Scott's music career.

The United States also expects to present evidence that the income reflected on the Form 1099's and Form W-2's was not the only income Scott received from The Source. The United States anticipates presenting evidence that Scott received substantial additional amounts in the form of wire transfers of funds not reflected on the 1099's or W-2's, substantial personal expenditures paid for him out of The Source's corporate American Express Card, and personal checks from Mays to Scott.

The United States also expects to show that Scott was actually aware that he was receiving substantial personal income. In addition to the 1099 and W-2's provided to Scott, which themselves reflect the funds as actual income, the United States expects to introduce representations Scott made to two separate banks on loan applications (one in 1999 for the purchase of a house in Easton, Massachusetts, and the other in 2000 for the purchase of another house in Hanover, Massachusetts). On the applications for each of those loans, Scott made representations as to what his actual income was during 1999 and 2000 respectively. He reported amounts well in excess of what was required to file a tax return, and amounts supporting the inference that, in Scott's mind, the hundreds of thousands of dollars he was receiving from The Source was income to him.

### 2. Failure to File.

The United States also expects to submit evidence through an IRS representative that Scott failed to file tax returns for either of the two years charged, 1999 and 2000.

### 3. Willfulness.

The United States will also show that Scott's failure to file a tax return in 1999 and 2000 was willful. To start with, the amount of income Scott knew he received in 1999 and 2000 is itself evidence of his willfulness in failing to file. See United States v. Payne, 800 F.2d 227, 229

5

(10th Cir 1986) ("The admissibility of evidence of a defendant's gross income to show that his failure to file a tax return was willful is recognized in such cases as United States v. Green, 757 F.2d 116, 120 (7th Cir.1985) and United States v. Gamble, 607 F.2d 820, 823 (9th Cir.1979), cert. denied, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980)."). There is, however, additional evidence the United States expects to introduce to establish willfulness.

First, the IRS representative will testify (and documents from the IRS's records will show) that Scott filed a tax return for the tax year 1996, a year in which he appears to have made (or at least reported) substantially less income than the years charged in this case. Prior filings by a defendant are evidence of knowledge of the filing requirement and willfulness in failing to file in other years. See United States v. Birkenstock, 823 F.2d 1026, 1028 (7th Cir. 1987) (citations omitted) ("When willfulness is an issue in the case, prior filings may be relevant not only to show a defendant's knowledge of filing requirements, but also 'to show a single scheme or common pattern of illegal conduct.'"); see also United States v. Turk, 722 F.2d 1439, 1441 (9th Cir. 1984).

Second, the United States will show that Scott repeatedly and persistently failed to file tax returns both before and after the years charged here. Specifically, the IRS records show that, after filing that 1996 tax return, Scott failed to file tax returns for 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005. A defendant's failure to file tax returns for years before and after the years charged permits an inference that the defendant acted willfully. See, for example, United States v. Ausmus, 774 F.2d 722, 728 (6th Cir. 1985) ("The defendant's failure to pay taxes, both prior to and following the years in question, demonstrates a pattern, plan, and scheme indicating that his failure to pay his taxes ... was not the result of an accident, negligence, or inadvertence. The pattern demonstrates willfulness, which was part of the government's prima

6

facie case."); see also United States v. Luttrell, 612 F.2d 396, 397 (8th Cir, 1980) (failure to file tax returns in prior and subsequent years admissible) (citing United States v. Thompson, 513 F.2d 577, 579 (8th Cir. 1975); United States v. Johnson, 386 F.2d 630, 631 (3d Cir. 1967); United States v. Farris, 517 F.2d 226, 229 (7th Cir. 1975)).[3]

Third, the United States also will seek to introduce a signed tax return for the tax year 1997 that Scott provided to a bank in order to induce the bank to loan him funds to purchase a house in Easton, Massachusetts. That tax return, while signed by Scott in 1999, was never filed. This signed tax return Scott presented to the bank supports the inference that Scott was aware of the need to sign tax returns. And his subsequent failure to file it further supports the inference that his actions in not filing, both for that year and other years, including the ones charged, were willful.

Fourth, the United States expects to introduce evidence through an IRS Revenue Agent that there was a tax due and owing for each of the years charged. While, unlike tax evasion under 26 U.S.C. § 7201, the United States is not required to produce evidence of a tax due and owing to prove a violation of § 7203, evidence of a tax due and owing is probative of a defendant's intent and is admissible for that purpose. See United States v. Wunder, 919 F.2d 34, 37 (6th Cir. 1990); United States v. Vance, 730 F.2d 736, 738 (11th Cir. 1984); United States v. Rosenfield, 469 F.2d 598, 600 (3d Cir. 1972).

Finally, the United States also expects to have testimony from persons associated with The Source, including the company's controller George Moore, that he notified Scott of his obligations to file a tax return. At least one of these conversations was recorded, and during the

---

[3] The United States has provided Defendant with notice of its intent to offer such records, pursuant to L.R. 117.1(A)(4)(b) and Fed. R. Evid. 404(b).

call, when Moore notified Scott of his need to file taxes, Scott hung up on him. The United States anticipates that others from The Source may testify that they had conversations with Scott about his obligation to file his tax returns.

### 4. Conclusion.

In short, the United States expects that the evidence will establish each of the three elements necessary to support a conviction for Scott's failure to file tax returns for the years 1999 and 2000 in violation of 26 U.S.C. § 7203.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: February 13, 2007

By: **/s/ Jack W. Pirozzolo**
Jack W. Pirozzolo
Kristina E. Barclay
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

### CERTIFICATE OF SERVICE

I, Jack W. Pirozzolo, do hereby certify that I served a copy of the foregoing document via electronic filing on counsel for the defendant.

Dated: February 13, 2007

**/s/ Jack W. Pirozzolo**
Jack W. Pirozzolo