# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**United States of America,**

        Plaintiff,

**v.**                            Case No.  05-CR-10275-RWZ

**Raymond E. Scott,**

        Defendant**.**
_____/

## DEFENDANT SCOTT's MOTION FOR MISTRIAL

Defendant **RAYMOND E. SCOTT** respectfully moves that a mistrial be declared and in support whereof states:

1. Defendant **Raymond Scott** is charged here in a two (2) count Information with willfully failing to file United States Individual Tax Returns, Form 1040, for the calendar years 1999 and 2000.

2. Trial commenced Tuesday, February 20, 2007. On Monday February 26, 2007, at the very commencement of his closing argument, **Scott's** principal counsel experienced a health related episode before the jury that required that argument stop and medical personnel be called. Counsel was taken to the emergency room at Massachusetts General Hospital for observation and medical tests.

3. **Leonard A Sands, Esquire,** Defendant's principal attorney, has a heart condition and an implanted pacemaker/defibrillator. An irregular and rapid heart rate caused the defibrillator to administer a therapeutic shock, which caused Mr. Sands to crab his chest and let out a dramatic yell before the jury. Medical tests revealed he did

not suffer a heart attack.  Trial is now scheduled to resume Wednesday, February 28, 2007.

    4. Counsel is genuinely concerned he will not be able to give his closing argument before this jury, and, that in similar circumstances the defibrillator will go off again.  Unfortunately, co-counsel **Martin K. Leppo, Esquire,** literally only joined the defense of the case upon the very eve of trial because of his longstanding personal acquaintance with **Raymond Scott** and his family.  Mr. Leppo joined the defense so late that he could not review the voluminous discovery in the case.  He would be unprepared to give an effective closing argument and should not be required to fill in under the circumstances.

    5. Counsel is also concerned the episode that occurred before the jury was so unusual and unexpected that it could in some way redound to the detriment of the defendant.  No curative instruction to disregard what occurred can, we submit, change what was perhaps the most dramatic –albeit, unexpected– moment of the entire trial.  Counsel never wants to be 'part of' the proceedings except as an advocate.  Unfortunately, this medical emergency was so unusual and dramatic that counsel was cast in a totally unexpected role and in some eyes, perhaps, in an unfavorable light.

    **Wherefore,** Defendant **Raymond Scott** respectfully moves that a mistrial be declared for the reasons set forth above.

Dated: February 27, 2007

>Respectfully submitted,
>
>**MARTIN K. LEPPO**, Esquire
>7 Christy's Drive
>Brockton, Mass 02301
>Telephone - 508-580-3733
>BBPO Number 294480
>
>     -and-
>
>**LEONARD A. SANDS,** Esquire
>(Fla. Bar No.: 0257583)
>leonardsands@att.net
>**SANDS & MOSKOWITZ, P.A**
>3225 Aviation Avenue - Suite 300
>Coconut Grove, Florida 33133
>Tel.(305)285-1500/Fax:(305)285-0699
>Attorneys for Defendant
>     **RAYMOND E. SCOTT**
>
>/s/ Leonard A. Sands
>_____
>**LEONARD A. SANDS**, Esquire

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF to all counsel of record this 27th day of February, 2007.

>/s/ Leonard A. Sands
>_____
>**LEONARD A. SANDS**, Esquire